UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION (Mobile)

| | |
|---|---|
| IN RE: | : CASE NO: 16-01664-HAC |
| | : CHAPTER: 13 |
| VICKI D. LAYNE | : |
|     Debtor | : |
| | |
| VICKI D. LAYNE, | : |
|     Movant, | : |
| | : CONTESTED MATTER |
| vs. | : |
| U.S. BANK TRUST NATIONAL ASSOCIATION, | : |
| AS TRUSTEE OF THE IGLOO SERIES III | : |
| TRUST | : |
| DANIEL B. O`BRIEN, Trustee | : |
|     Respondents. | : |

## OBJECTION TO MOTION TO CONTINUE

COMES NOW, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST ("Respondent") and hereby files this Objection to Debtor's *Motion to Continue* [Doc. No. 68] by which Debtor asks this Court to continue the hearing currently set on May 31, 2019 on Respondent's *Motion for Relief From Automatic Stay (Real Property)* (the "Motion for Relief")[Doc. No. 56].

On April 30, 2019, Respondent filed the Motion for Relief and attached a payment history, which was labeled Exhibit D [Doc. No. 56-3]. In the Motion for Relief, Respondent asserts the Debtor was behind by three payments at the time of the filing of the Motion for Relief but as of the date of this objection, that has increased to four payments because the May 2019 payment is now past due. In the Motion for Relief, Respondent asserts the Debtor missed post-petition payments during the bankruptcy for the months of August 2017, January 2018, and September 2018. As explained in *Motion to Limit Issue For Relief From Stay Soley [sic] to Months Of August 2017, January 2018, and September 2018* filed by the Debtor on May 22, 2019 [Dkt. No. 66](the "Motion to Limit"), the Debtor believes if she

can prove she made payments in those three months, then the loan is not in default. However, this is simply not true. From the outset of filing this Motion for Relief, Respondent has attempted to clarify how payments are applied when a mortgage loan is in default. S*ee* Motion for Relief [Dkt. No. 56], ¶ 5 and Respondent's *Response to Debtor's Motion to Limit Issue for Relief from Payments Soley [sic] to Months of August 2017, January 2018, And September 2018* ("Response to Motion to Limit")[Doc. No. 69]. Specifically, payments received when a loan is delinquent are applied to the earliest past due payment and not to payment that is due the particular month in which the payment is received. Counsel for Respondent has engaged in multiple email and phone discussions with Debtor's counsel regarding this issue, yet Debtor's counsel has repeatedly stated he would only provide proof of payments for August 2017, January 2018, September 2018, February 2019, April 2019, and March 2019. Debtor's counsel has already provided proof of these payments to Respondent and Respondent has reviewed them and advised Debtor's counsel exactly when each payment was received, how they were applied to the loan, and that even with contemplation of these payments, the loan is post-petition delinquent as stated in the Motion for Relief.

As explained in the Motion for Relief, because payments made while a loan is in default are applied to the earliest past due payment, Debtor must provide proof of <u>all</u> post-petition payments since the filing of the case so that Respondent may determine if any are not accounted for and applied on the payment history. In the Response to Motion to Limit, Respondent identified July 2017 as the last month the loan was post-petition current, and explained that it needs proof of all payments beginning in that month to determine if any payments sent by the Debtor were not applied to the loan. Despite numerous explanations and requests for additional proofs of payment, Debtor's counsel has repeatedly asserted, by email and via telephone, that the only proof of payments he intends to provide are those for the months listed in the Motion for Relief. He reiterated his position in the Motion to Limit by asking this Court to "limit the issues to the dates that US BANK has sworn to and stated in its filings."

Additionally, the Motion to Continue directly contradicts the Motion to Limit as the Motion to Limit attempts to limit the evidence Debtor must present at the hearing to three months, yet the Motion to Continue asks for more time to gather "all proofs of payments." Counsel for Respondent is of course willing to give the Debtor any additional time she may need to gather proof of all post-petition payments (or even proof of payments from July 2017 forward as that is when the account became post-petition delinquent), however, when asked if Debtor's counsel intended to withdraw the Motion to Limit in light of the conflicting statements in the Motion to Continue, he stated he would not withdraw the Motion to Limit, and would not be providing further proof of payments. If in response to the Motion for Relief, the Debtor intends to rely upon only proof of payments she has already provided to Respondent, then no continuance of the May 31, 2019 is needed. For the reasons detailed herein, Respondent objects to debtor's Motion to Continue the evidentiary hearing set for May 31, 2019.

WHEREFORE, Respondent requests that this Honorable Court inquire as to the matters raised herein and deny Debtors Motion to Continue and enter such orders and require such further inquiry as may appear appropriate to the Court.

Respectfully Submitted
This 24th day of May, 2019

/s/ Amanda Beckett
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
100 Concourse Parkway, Suite 115
Birmingham, AL 35244
(877) 813-0992
abeckett@rubinlublin.com
Attorney for Respondent

CERTIFICATE OF SERVICE

      I, Amanda Beckett of Rubin Lublin, LLC certify that on the 24th day of May, 2019, I caused a copy of the Objection to Motion to Continue to be filed in this proceeding by electronic means and to be served by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Vicki D. Layne
20622 County Road 34
Saint Stephens, AL 36569

William J. Casey, Esq.
3208 Cottage Hill Road
Mobile, AL 36606-2721

Daniel B. O`Brien
Chapter 13 Trustee
P.O. Box 1884
Mobile, AL 36633

Executed on 05/24/19

/s/ Amanda Beckett
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
100 Concourse Parkway, Suite 115
Birmingham, AL 35244
(877) 813-0992
abeckett@rubinlublin.com
Attorney for Respondent